UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSKEGON COUNTY SHERIFF'S
DEPARTMENT,

      Plaintiff,

v

HARBOR GUARD BOATS, INC.

      Defendant.

Civil Case No. 1:18-cv-_____

Honorable _____
U.S. District Judge

---

Douglas M. Hughes (P30958)
doughughes@williamshugheslaw.com
Williams Hughes, PLLC
Muskegon County Corporate Counsel
Attorneys for Plaintiff
120 W. Apple Avenue, P.O. Box 599
Muskegon, MI 49443-0599
(231) 726-4857

---

## COMPLAINT

NOW COMES the Muskegon County Sheriff's Department, by and through its attorneys of Williams Hughes, PLLC, for its complaint against the Defendant and states as follows:

## INTRODUCTION

1.     Plaintiff is located in Muskegon County, State of Michigan.

2.     Defendant Harbor Guard Boats, Inc. is a California corporation with its principal place of business in Santa Ana, California.

3.     In 2014, the County of Muskegon received a $604,575.00 Homeland Security grant as a part of the United States Federal Government's Port Security Grant Program.

The County of Muskegon allotted those funds to the Muskegon County Sheriff's Department to purchase a new boat.

4.      On November 6, 2014, the Muskegon County Sheriff's Department received a quote from Defendant for the purchase of a Harbor Guard Firehawk 32, model number F32-FP-AL-CBRNE ("Harbor Guard boat").  See Quotation No. MCSO-F32 dated November 6, 2014, attached as Exhibit A.

5.      On December 9, 2014, the Muskegon County Board of Commissioners approved the purchase of the Harbor Guard boat from Defendant.  See Muskegon County Board of Commissioners' Full Board Meeting minutes dated December 9, 2014, attached as Exhibit B.

6.      During the purchase and receipt of the Harbor Guard boat, the sitting Sheriff of Muskegon County was Dean Roesler.

7.      On December 10, 2014, the Muskegon County Sheriff's Department received an invoice for $602,050.00.  See Invoice No. MCSO-F 32 dated December 10, 2014, attached as Exhibit C.

8.      Plaintiff purchased from Defendant the Harbor Guard Boat which was ordered with specific equipment installed.  See Boat and Trailer Specifications, attached as Exhibit D. Exhibit D is referenced in Exhibit C as the "specifications attached."  Also included was to be a visit by two Sheriff's Deputies to inspect the Harbor Guard boat, which never happened.

9.      The Harbor Guard boat was delivered to the Muskegon County Sheriff's Department in July of 2016.

10.     When the Harbor Guard boat was delivered it had items missing and vital equipment had been installed incorrectly, demonstrating only partial performance by Defendant.

11.     Plaintiff accepted delivery, knowing the Harbor Guard boat was not finished, because Plaintiff reasonably relied on Defendant's promise to finish it.

12.     When the current Sheriff, Michael Poulin, took office in 2017, he learned that the Harbor Guard boat was missing a substantial amount of equipment, and that some of the equipment was installed incorrectly.

13.     On September 25, 2017, Plaintiff called Defendant to discuss the missing equipment and improper installation of equipment.

14.     On September 26, 2017 when Plaintiff had not heard from Defendant, Plaintiff emailed Defendant to inquire about the missing equipment.

15.     Defendant repeatedly told Plaintiff they "were waiting on management" or "waiting on production" to speak with Plaintiff.

16.     October 6, 2017, Defendant emailed Plaintiff to say Defendant would bring the Harbor Guard boat back to California for the winter to finish it.

17.     October 9, 2017, Plaintiff compiled a list of equipment that was either installed improperly or missing.  See list attached as Exhibit E.

18.     E-mail communication between Plaintiff and Defendant continued and as the date of this complaint, the Harbor Guard boat has still not been finished and it cannot be used as intended by the Muskegon County Sheriff's Department.  See the e-mail chain between Plaintiff and Defendant, attached as Exhibit F.

19.     Although Defendants only partially performed the contract, Plaintiff has already paid in full.

## JURISDICTION AND VENUE

20.     Jurisdiction is proper pursuant to 28 U.S.C.S. § 1332 which states in relevant part: "(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1)  Citizens of different States".  See State of California Secretary of State Statement of Information dated February 7, 2018, which is attached as Exhibit G.

21.     The amount in controversy, excluding costs, interest and attorney fees, is $108,000.00.

22.     Additionally, jurisdictional requirements found at MCL 600.715(1) and (5) provide in relevant part:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
> (1)  The transaction of any business within the state.
> (5)  Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

23.     The Harbor Guard boat in question is located in Muskegon, Michigan.  Venue is proper pursuant to 28 U.S.C.S. § 1391(b) (2) which states in relevant part:  "(b) Venue in general.  A civil action may be brought in-- (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or *a substantial part of property that is the subject of the action is situated* (emphasis added)."

## COUNT I
## BREACH OF CONTRACT

24.     Paragraphs 1 through 22 are fully incorporated herein.

25.     Defendant breached its contract with Plaintiff by failing to complete the work as required by the contract.

26.     Defendant breached the contract with Plaintiff by failing to perform and/or partially performing in accordance with industry standards and/or by failing to complete certain work on the Harbor Guard boat.

27.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages including, without limitation, $108,000.00 to complete and repair the work on the Harbor Guard boat, plus court costs and attorney fees.

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendant in favor of Plaintiff in the amount of $108,000.00 together with costs, attorney fees and interest.

## COUNT II
## UNJUST ENRICHMENT/QUANTUM MERUIT

28.     Paragraphs 1 through 26 are fully incorporated herein.

29.     Defendant, by inducing Plaintiff to perform on the contract, has received a benefit from Plaintiff and has been unjustly enriched in an amount exceeding $108,000.00.

30.     It would be inequitable to allow Defendant to benefit from the money provided by the Plaintiff without adequate compensation.

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendant in favor of Plaintiff in the amount of $108,000.00 together with costs, attorney fees and interest.

## COUNT III
## DETRIMENTAL RELIANCE/PROMISSORY ESTOPPEL

31.     Paragraphs 1 through 29 are fully incorporated herein.

32.     Pursuant to the contract, Defendant made a definite and clear promise to fully

perform and make the Harbor Guard boat whole and useable.

33.    Defendant should have reasonably expected its promise to induce action of a definite and substantial character by Plaintiff.

34.    Defendant's promise to make the Harbor Guard boat useable did in fact produce substantial reliance as Plaintiff paid the full contract price for a boat that is incomplete and unusable.

35.    Defendant's promise must be enforced to avoid injustice.

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendant in favor of Plaintiff in the amount of $108,000.00 together with costs, attorney fees and interest.

## COUNT IV
## MICHIGAN CONSUMER PROTECTION ACT

36.    Paragraphs 1 through 34 are fully incorporated herein.

37.    Under the Michigan Consumer Protection Act, Defendant was in the process of conducting trade or commerce as that phrase is defined in MCL 445.902.

38.    Defendant violated the Consumer Protection Act by acting in an unfair, unconscionable and deceptive manner, including, without limitation, "failure ...to provide the promised benefits." MCL 445.903(1)(y).

39.    Defendant further violated the Consumer Protection Act by: "[c]ausing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction." MCL 445.903(1)(m) Defendant has only stalled, avoided, and misled Plaintiff by using a sales person with limited authority to communicate with Plaintiff when the Harbor Guard boat should have already been made whole.

40.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including, without limitation, $108,000.00 to complete and repair the work on the Harbor Guard boat, plus court costs and attorney fees.

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendant in favor of Plaintiff in the amount of $108,000.00 together with costs, attorney fees and interest.

**COUNT V**
**U.C.C. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

41.     Paragraphs 1 through 39 are fully incorporated herein.

42.     The property at issue here is a boat, which is moveable, therefore the "goods" requirement of the Uniform Commercial Code is met.

43.     In relevant part, U.C.C. § 2-314 provides, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

44.     Defendant is a merchant in goods of the kind at issue here.  Defendant sells and manufactures boats as its sole purpose.  More specifically the Harbor Guard boat Plaintiff expected to get was a working boat and Defendant prides itself in working with police and fire departments all over the United States by providing that specific type of good.

45.     U.C.C. § 2-314 also provides:

(2) Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promise or affirmations of fact made on the container or label if any.

Defendant did not deliver the Harbor Guard boat in working condition. Plaintiff has been trying to contact Defendant to remedy this situation, however, Defendant has only been putting Plaintiff off and stalling to avoid remedying the situation.

46.     The Harbor Guard boat still cannot be used by Plaintiff. Defendant regularly deals in this type of special boat. The Harbor Guard boat is not even suitable for use as a leisure boat, much less a high performance safety vehicle to patrol harbors and save lives.

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendant in favor of Plaintiff in the amount of $108,000.00 together with costs, attorney fees and interest.

### COUNT VI
### U.C.C. BREACH OF EXPRESS WARRANTY

47.     Paragraphs 1 through 45 are fully incorporated herein.

48.     Express warranties are also governed by the U.C.C. and the Defendant clearly violated all express warranties made to Plaintiff. Those warranties were made in Exhibits A, C, D, F, and through course of dealing.

49.     Pursuant to  § 2-313 of the U.C.C. express warranties are created by:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

50.     Defendant made express promises to the Muskegon County Sheriff's Department, both by invoice and by attaching the Harbor Guard boat specifications to that invoice. Defendant

delivered the Harbor Guard boat unfinished, with the promise that it would be finished by Defendant at a later date.

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendant in favor of Plaintiff in the amount of $108,000.00 together with costs, attorney fees and interest.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

51.     Paragraphs 1 through 49 are fully incorporated herein.

52.     The Uniform Commercial Code also provides for an implied warranty of fitness for a particular purpose.  More specifically the U.C.C. states:

§ 2-315. Implied Warranty: Fitness for Particular Purpose.

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

53.     As the name of the boat implies, Defendant knew this boat was specifically for keeping the Muskegon County harbor safe.  Plaintiff, the Sheriff's Department for Muskegon County, relied on Defendant to send a boat that could be used for the specific purpose of guarding the water and its harbors.    There was no other person or group who would have used this boat, except for the Muskegon County Sheriff's Department.

54.     At the time of sale, Defendant absolutely had a reason to know that Plaintiff, and only the Plaintiff, would be using the Harbor Guard boat for the particular purpose of guarding the harbors of Muskegon.

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendant in favor of Plaintiff in the amount of $108,000.00 together with costs, fees and interest.

Dated: _____ 9- 13 _____, 2018          WILLIAMS HUGHES, PLLC


By: _____
    Douglas M. Hughes (P30958)
    Attorney for Plaintiff
Business Address:
    120 W. Apple Avenue, P.O. Box 599
    Muskegon, MI 49443-0599
Telephone:  (231) 726-4857